IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
☐ HARRISONBURG DIVISION [☐ HARRISONBURG or ☐ STAUNTON] or
☑ LYNCHBURG DIVISION [☑ LYNCHBURG or ☐ CHARLOTTESVILLE]

☑ INITIAL or ☐ SUPPLEMENTAL
TRUSTEE'S REPORT & OBJECTIONS FOLLOWING MEETING OF CREDITORS

and

NOTICE TO DISMISS OR CONVERT CASE
AND
MODIFICATIONS, DOCUMENTS, OR ACTIONS REQUIRED

IN RE: EUGENE ROBERT BOYLES            CASE #: 15-62078
IDA LOUISE BOYLES
1760 ANDERSON HWY
CUMBERLAND, VA  23040

This is the Trustee's report following the ☑ initial or ☐ adjourned Meeting of Creditors, which was held on the date noted below; the Debtor ☑ did or ☐ did not attend; Creditors ☐ did or ☑ did not appear.

☑ The hearing on confirmation and Show Cause on Dismissal/Motion to Reconvert is to be held on December 17, 2015, at ☑ 9:30 a.m. or ☐ 10:00 a.m., as originally noticed;
☑ Trustee objects to confirmation, and modifications, documents, or actions are required as set forth on attached Exhibit "A"
☑ The Meeting of Creditors **IS NOT** adjourned;
☐ The Meeting of Creditors **IS** adjourned to _____, 20__, at ___:___ ___.m. - *Debtor's Attorney to notice Debtor of the continuance.*

Further, if modifications are required, they must be served upon all affected Creditors and other parties in interest, pursuant to the Local Rules of this Court, and noticed for hearing as of the date set forth for hearing on confirmation, or to such other date as the Court may advise Debtor's counsel.

**WHEREFORE**, your Trustee moves the Court to dismiss or convert this case if the requested modifications, documents, and/or actions have not been completed at least ten days prior to the scheduled hearing on confirmation, and/or if the Debtor has failed to appear at the original or adjourned Meeting of Creditors, and/or if the Debtor is not current in Plan payments; and, for other relief as may seem just.

Dated:  12/01/2015
(Date of 341 Hearing)

Herbert L. Beskin, Chapter 13 Trustee
P.O. Box 2103
Charlottesville, VA  22902
Ph: 434-817-9913; Email: ch13staff@cvillech13.net

**CERTIFICATE OF SERVICE**

A copy of this Trustee's Report and Objection Following Meeting of Creditors was mailed to the Debtor and electronically served by ECF or mailed though USPS to Debtor's counsel on December 02, 2015.

Herbert L. Beskin, Chapter 13 Trustee
P.O. Box 2103
Charlottesville, VA  22902
Ph: 434-817-9913; Email: ch13staff@cvillech13.net

Name(s): **EUGENE ROBERT BOYLES IDA LOUISE BOYLES**                Case No. 15-62078

✓ 1. The Debtor must commence making payments at the rate and in the amounts stated in the Plan. **If the Plan calls for payments through an automatic wage deduction from an employer, the Debtor must make payments directly to Trustee until the wage deduction takes effect.**

✓ 2. The Debtor or attorney must <u>within 10 days</u>:                    *+ is working*     OK
    ___ A. **Submit a wage-deduction Order to the Court for entry; or**
    ✓ B. **Submit a pay-direct Order AND provide proof that a TFS payment account has been established** / or 11/19/2015 need TFS
    ___ C. **Send to the Trustee the employer's payroll office mailing address so that a wage-deduction Order can be prepared**

✓ 3. The Trustee objects to confirmation of the proposed Plan and/or moves to dismiss or convert this case pursuant to 11 U.S.C. § 1307 because:
    ___ A. Debtor ineligible for Chapter 13: debts exceed statutory limits [11 U.S.C. § 109 (e)]                                (OK)
    ___ B. Debtor ineligible for Chapter 13: nature of dismissal of prior case [11 U.S.C. § 109(g)]                         (OK)
    ___ C. Debtor ineligible for Chapter 13: failure to obtain pre-petition budget counseling [11 U.S.C. § 109(g)] 10/19/2015  (OK)
    ___ D. Insufficient future income devoted to Trustee's control to assure execution of the Plan. [11 USC § 1322(a)(1)]  (OK)
    ___ E. Plan does not provide for payment in full of all priority claims in full. [11 U.S.C. § 1322(a)(2)]
    ___ F. Plan discriminates unfairly against a designated class of unsecured claims [11 U.S.C. § 1322(b)(1)]
    ___ G. Plan does not provide for the appropriate plan payment period [11 U.S.C. § 1322(d)]
        Plan payment period should be __60__ months. (Debtor is: ☑ above median ☐ below median)
    ___ H. Plan has not been proposed in good faith [11 U.S.C. § 1325(a)(3)]
    ___ I. Plan does not meet the Chapter 7 liquidation test [11 U.S.C. § 1325(a)(4)]
    ___ J. Periodic payments to an allowed secured claim are not in equal monthly installments [11 U.S.C. § 1325(a)(5)(B)(iii)]  OK N/A
    ___ K. Payments to creditor secured by personal property insufficient to provide adequate protection [11 U.S.C. § 1325(a)(5)(B)(iii)]  OK N/A
    ___ L. Debtor will not able to make all payments under plan or comply with plan; plan infeasible [11 U.S.C. § 1325(a)(6)]
    ___ M. Debtor did not file the petition in good faith [11 U.S.C. § 1325(a)(7)]
    ___ N. Debtor has not demonstrated that all post-petition support payments have been made [11 U.S.C. § 1325(a)(8)]
    ___ O. Debtor has not filed all applicable Federal, State, and local tax returns (§ 1308) [11 U.S.C. § 1325(a)(9)]   (OK) N/A
        Years not filed: IRS: _____; VDOT / other state: _____
    ___ P. Plan as proposed is under-funded (not sufficient funds for Trustee to pay claims as proposed in plan)
    ___ Q. Debtor in default of plan / Trustee payments (As of ___/___/___: amount rec'd = $_____; def. = $_____)   OK
    ✓ R. Plan fails to provide that all of the disposable income in the commitment period will be applied to plan payments
        [11 U.S.C. § 1325(b)(1)(B)] _need to see amended 22C 1+2_
        As filed, Form B22, Line ~~59~~ 45, requires 60 mo. x $ ✱ /mo. = $ ✱ ; and amendment IS ~~IS NOT~~ required.
    ___ S. Plan must pay 100% for disposable income test AND/OR chapter 7 test ($_____ net) to All / Joint / Husband / Wife claims.
    ___ T. Other: _(✱: need significant corrections)_

✓ 4. The Debtor must provide the Trustee with the following documents:
    ___ A. Copy of <u>all</u> of the Debtor's pay stubs, operating statements (if self-employed), retirement checks, or government benefits (Social Security, unemployment insurance, etc.) received in the 60 day period before this case was filed.     (OK)
    ___ B. Affidavit of ongoing financial contribution (on Trustee's standard form) for $_____ from: _____
    ___ C. Copy of any previously filed Homestead Deed(s).
    ___ D. Copy of the real estate & personal property tax assessments for the current year AND/OR real estate appraisal or BPO.   (OK)
    ___ E. Copy of deed(s) conveying real property to Debtor(s). (Issue: T by Es; joint; life estate; or _____)
    ___ F. Proof that an automatic payment process for future mortgage payments has been put into place.
    ___ G. Documents, *properly summarized*, to support: _____
    ___ H. The questionnaire sent to the Debtor by the Trustee, with all questions answered.    (OK)
    ___ I. Attorney shall discuss with debtor(s) revising wage withholding and/or tax exemptions to increase take-home pay
    ✓ J. A copy of the Debtor's most recently filed federal income tax return (20_14_) [11 U.S.C. § 521(e)(2)] OR affidavit **need H's return** OK
    ___ K. Within **30 days** a copy of all delinquent unfiled income tax returns (see para. 3O, above), plus a statement confirming that returns have been filed with (as applicable) Special Procedures Div. of the IRS and the Bankruptcy Dept. of the VDOT in Richmond.
    ___ L. Proof of child support income / expense $_____; proof of daycare expense $_____.
    ___ M. DSO information needed: payee name, address, and phone number.       OK (N/A)
    ✗ N. **Pre-confirmation affidavit from Debtor(s), or other appropriate evidence to satisfy matters addressed in the affidavit.**
    ___ O. Other: _____

___ 5. The Debtor must provide the Trustee with the following information: _____

___ 6. The Debtor must file the following pleading(s):
    ___ A. Motion or adversary complaint to avoid lien for: _____
    ___ B. Application for allowance of attorney's fees in excess of usually allowed amount.
    ___ C. Motion and order to extend or impose automatic stay    OK (N/A)
    ___ D. Other: _____

(Version #26, 12/09/14)

**EXHIBIT "A" TO TRUSTEE'S REPORT (page 2)**

Name(s): EUGENE ROBERT BOYLES  IDA LOUISE BOYLES                    Case No. 15-62078

✓ 7. The Debtor must amend and refile the following Schedules to provide complete and accurate information:
   A. Schedule A: _____
   B. Schedule B: _____
   C. Schedule C: Trustee objects to the following claims of exemption: _____
   D. Schedule D: _____
   E. Schedule E: _____
   F. Schedule F: _____
   G. Schedule G: _____
   H. Schedule H: _____
   I. Schedule I: _____
   J. Schedule J: _____
   K. Statement of Financial Affairs: _____
   L. Attorney Disclosure Statement: _____
   M. Form 21 (Soc. Sec. #): _____  *correct + redo 22C 1+2*
   N. Petition: _____
   O. Statement of anticipated increases in income/expenses over first 12 mos: _____
   ✓ P. Form B22C (Current Monthly Income): *Line 16 should be ~ $924/mo, not $1,153; L33c wrong; L33f should be $256, not $320; Line 36 wrong; Line 13a should be $0, not $517*
   Q. Other: *L 13f should be $197, not 0 (no pxy = $320, not $47).*

✓ 8. The Debtor must amend the proposed Plan as follows:
   A. To provide for §1326 adequate protection payments for: _____
   B. To amend Plan to pay secured debt arrearage in full, or object to claim, for the following creditor(s): _____
   ✓ C. To increase Plan payments as follows: *see para. 3.R.*
   D. To correct proposed percentage payout to unsecured creditors.
   E. To provide for the following priority or secured claims, or object to claim(s): _____
   F. File and properly serve "Special Notice to Secured Creditor" for: *Hyundai Finance 11/16/2015*
   G. File / Redo Plan using proper Plan format (see Court's web site)
   H. To resolve the following objections/motions: _____
   ✓ I. Other *(1) para 3 - Hyundai - payments total insufficient to pay claim*

9. The Plan needs to be re-noticed to:
   A. All creditors
   B. The following creditors: _____

10. Plan only pays a total of $_____ (net) to general unsecured creditors.    N/A

11. Debtor(s) may have to add $_____ to the Plan to pay 100%.

12. Other: _____

13. Confirmation order to state:
   A. Trustee retains his Disposable Income / Chapter 7 test objection to review _____;
      By _____, the Debtor(s) shall provide the Trustee with amended Schedules I and J (as needed), 3 months of recent pay advices, federal tax return for _____; and, _____.
   B. Trustee retains his Disposable Income objection and will object to any future attempt to reduce the payout to general unsecured creditors below 100% because: _____
      Line 59 of Form B22 shows net disposable income of $_____ /mo. and the plan payment is only $_____ /mo.
   C. Debtor(s) are not entitled to discharge [§ 1328(f)] because: _____    (N/A)
   D. Debtor shall pay directly all required tax payments (income, sales, withholding, etc.) every calendar quarter during Plan.
   ✓ E. Per §521(f), the Debtor(s) shall provide the Trustee with a copy of all federal income tax returns filed while this case is pending.

✓ 14. **Trustee & attorney agree: Confirmation to be continued to** *1/28/16* *to amend 22C 1+2*
    Reason: to get beyond bar date to review joint claims / ensure 100% payout, or *and review claims + tax returns*

(Version #26, 12/09/14)